# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:21-CV-00138-KDB-DSC

| | |
|---|---|
| MVP ENTERPRISES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARATEK ENVIRONMENTAL INC., | ) |
| | ) |
| Defendant, Third-party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VICKY HELMS, f/k/a VICKY BENNATI | ) |
| | ) |
| Third-party Defendant | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Third-party Defendant Bennati's Motion to Dismiss, or Alternatively to Stay These Proceedings" (Doc. 11), "Plaintiff MVP's Motion to Dismiss Count II and Count III of Maratek's Counterclaims," (Doc. 13), and the parties' briefs and exhibits.

These Motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and are ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that "Third-party Defendant Bennati's Motion to Dismiss

or Alternatively to Stay These Proceedings" and "Plaintiff MVP's Motion to Dismiss Count II and III of Maratek's Counterclaims" be **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

MVP Enterprises L.L.C., ("**MVP**") initiated this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1367(a). The Complaint alleges four claims against Maratek Environmental Inc. ("**Maratek**") for (1) "Breach of Express & Implied Warranties", (2) "Breach of the Warranty of Fitness for Ordinary Purpose", (3) "Breach of the Warranty of Fitness for a Particular Purpose" and (4) "Breach of the Unfair and Deceptive Trade Practices Act." These claims are governed by the United Nations Convention on Contracts for the International Sale of Goods ("**CISG**"). Maratek's Answer includes Counterclaims for breach of contract, conversion, and unfair and deceptive trade practices against MVP. Maratek also filed a Third-Party Complaint against Vicky Bennati ("**Bennati**") for breach of contract as a guarantor on the contract between Maratek and MVP.

Taking the factual allegations of the Counterclaims as true, MVP is a North Carolina L.L.C. operating within the Western District of North Carolina. Maratek is a Canadian corporation. Maratek contracted to provide and did provide MVP with two pieces of equipment, an OERS C-100 and an OERS B-48. The C-100 was to remove ethanol from crude oil after hemp oil extraction. The B-48 was to decarboxylate the oil. MVP has failed to remit the full payment due for the two pieces of equipment. MVP, through Bennati's signature on the Order Confirmation (doc. 1-1 p. 64), promised to make the payments due under the terms of the Contract. MVP has refused to pay the outstanding balance due under the contract. Maratek's engineers determined that there were no operational issues with the equipment as it was working precisely as designed.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at

679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Owen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

A. Bennati's Motion to Dismiss or Stay these Proceedings

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). Rule 14 should be "liberally construed, but not in such way as to permit practice which transcends the limits of federal jurisdiction." Baltimore & O.R. Co. v. Saunders, 159 F.2d 481, 484 (4th Cir. 1947). "[A] third-party defendant's liability under Rule 14 must be secondary or derivative to the defendant's liability to the original plaintiff." Laughlin v. Dell Fin. Servs., L.P., 465 F. Supp. 2d 563, 566 (D.S.C. 2006) (citing Scott v. PPG Indus., 920 F.2d 927 1990 WL 200655 (4th Cir. Dec. 13, 1990)).

Maratek brings a Third-party Complaint against Bennati alleging she failed to satisfy her obligations as guarantor. Doc 7. p. 52. The claim against Bennati is not secondary or derivative to Maratek's liability to MVP. Therefore, the undersigned respectfully recommends Bennati's Motion to Dismiss be granted.

Bennati's Motion to Stay should be denied as moot since impleader here is improper under Rule 14 of the Federal Rules of Civil Procedure.

### B. MVP's Motion to Dismiss Count I and II of Maratek's Counterclaims

#### a. Conversion

Maratek and MVP consent to voluntary dismissal of the conversion Counterclaim. The undersigned recommends that this claim be dismissed. (<u>See</u> Doc. 20 p. 3 and Doc. 23 p. 8)

#### b. Unfair and Deceptive Trade Practices

The CISG "applies to contracts of sale of goods between parties whose places of business are in different States: (a) when the States are Contracting States; or (b) when the rules of private international law led to the application of the law of a Contracting State." CISG, U.S.C. App., Art. 1. The United States and Canada have ratified the CSIG. <u>Id.</u> "As incorporated federal law, the CISG governs the dispute so long as the parties have not elected to exclude its application." <u>BP Oil Int'l v. Empresa Estatal Petroleos de Ecuador</u>, 332 F.3d 333 (5th Cir. 2003). "If the goods do not conform with the contract, the buyer may require the seller to remedy the lack of the conformity by repair, unless this is unreasonable having regard to all the circumstances." CISG, U.S.C. App., Art. 46.

"Courts interpreting the CISG should look to the language of the CISG and to the general principles on which the Convention is based." <u>Schmitz-Werke Gmbh & Co. v. Rockland Indus., Inc.</u>, 37 F. App'x 687 (4th Cir. 2002). "Questions concerning matters governed by this

Convention which are not expressly settled in it are to be settled in conformity with the general principles on which it is based or, in the absence of such principles, in conformity with the law applicable by virtue of the rules of private international law." CISG, U.S.C. App., Art. 7(2). Where a district court's jurisdiction is invoked based upon diversity of citizenship grounds, the court looks to the substantive law of the forum state. Guinness PLC v. Ward, 955 F.2d 875, 883 (4th Cir. 1992).

"Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are declared unlawful." N.C. Gen. Stat. § 75-1.1. "Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has in the marketplace." Marshall v. Miller, 276 S.E.2d 397, 403 (1981). "In order to state a claim under the UDTPA, a plaintiff must show: (1) defendant committed an unfair or deceptive act or practice; (2) the action in question was in or affecting commerce; (3) the act proximately caused injury to the plaintiff." Ellis v. Louisiana-Pacific Corp., 699 F.3d 778, 786 (2012). "To prevail on a Chapter 75 claim, a plaintiff need not show fraud, bad faith, or actual deception. Instead, it is sufficient if a plaintiff shows that a defendant's acts possessed the tendency or capacity to mislead or created the likelihood of deception." RD&J Props. V. Lauralea-Dilton Enters., 600 S.E.2d 492, 501-02 (2004).

"Although it is a question of fact whether the defendant performed the alleged acts, it is a question of law whether those facts constitute an unfair or deceptive trade practice." Id. "A practice is unfair when it offends established public policy as well as when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." Bumpers v. Cmty. Bank of N. Va., 747 S.E.2d 220, 228 (2013). "[A] failure to disburse funds is a breach of contract issue." Wachovia Bank & Trust Co. v. Carrington Dev. Assoc., 459 S.E.2d 17, 21

(1995). "A mere breach of contract, even if intentional, is not sufficiently unfair or deceptive to sustain an action under N.C.G.S. 75-1.1" Id. (See also Ellis, 699 F.3d at 786). To establish an unfair or deceptive trade practice action for breach of contract, a plaintiff must show "substantial aggravating circumstances attending to the breach to recover under the Act, which allows for treble damages." Eastover Ridge, L.L.C., v. Metric Constructors, Inc., 533 S.E.2d 827, 833 (2000). "It is unlikely that an independent tort could arise in the course of a contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Id.

Here Maratek alleges that MVP engaged in unfair and deceptive trade practices because they "utilized the time experience and expertise of Maratek in an attempt to solve issues related to MVP's proprietary system and issues related to MVP's quality of hemp biomass and dryness, for which Maratek has no information or responsibility all the while promising to pay Maratek as required under the Contract as an inducement to obtain free services from Maratek." Doc. 7 at p. 46. Maratek's claim fails because even assuming these allegations to be true, they are not entitled to relief under N.C. Gen. Stat. 75-1.1. There are no "substantial aggravating circumstances" here beyond the alleged breach of contract by MVP.

Maratek alleges that MVP failed to pay the full amount for the equipment and used its promise to pay as an inducement to obtain free services. Doc. 7 p. 46. This is essentially a claim for breach of contract. Since even an intentional breach of contract is not sufficiently unfair or deceptive to sustain a UDTP claim, Maratek must also show that there are substantial aggravating circumstances attending to the breach in order to recover. Maratek fails to provide any factual allegations that meet this standard. Therefore, the undersigned recommends that

MVP's Motion to Dismiss Maratek's Counterclaim for unfair and deceptive business practices be granted.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that:

1. "Third-party Defendant Bennati's Motion to Dismiss or Alternatively, to Stay These Proceedings" (Doc. 11) be **GRANTED.**

2. "Plaintiff MVP's Motion to Dismiss Count II and Count III of Maratek's Counterclaims" (Doc. 13) be **GRANTED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED.**

Signed: June 3, 2022

_____

David S. Cayer
United States Magistrate Judge