IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00138-KDB-SCR

| | |
|---|---|
| MVP ENTERPRISES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MARATEK ENVIRONMENTAL, INC., <br><br> Defendant. | **ORDER** |

**THIS MATTER** is before the Court on Defendant Maratek Environmental, Inc.'s ("Maratek") Motion to Strike, or, in the Alternative, to Dismiss MVP Enterprises, LLC's Brief (Doc. No. 50). The Court has carefully considered this motion and the parties' briefs and exhibits. As discussed below, Plaintiff MVP's appeal of the Bankruptcy Court order in dispute was untimely. Therefore, this Court lacks jurisdiction to hear Plaintiff's appeal and will **GRANT** the motion to dismiss the appeal.

I. LEGAL STANDARD

Federal district courts are courts of limited jurisdiction with specific jurisdictional requirements and limitations. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). Accordingly, federal district courts can hear cases only to the extent authorized by the Constitution and by statute. *See Kokkonen*, 511 U.S. at 377. "Time limits for filing a notice of appeal have been treated as

jurisdictional in American law for well over a century." *Gonzalez v. Thaler*, 565 U.S. 134, 147, (2012), quoting *Bowles v. Russell,* 551 U.S. 205, 209, n. 2, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). More specifically, mandatory requirements for court-to-court appeal are always jurisdictional. *Id*. at 158. (Scalia, dissenting). A court cannot issue a ruling on the merits "when it has no jurisdiction" because "to do so is, by very definition, for a court to act ultra vires." *Brownback v. King*, 209 L. Ed. 2d 33, 141 S. Ct. 740, 749 (2021).

## II.     FACTS AND PROCEDURAL HISTORY

On March 17, 2023, in the matter of *In re Maratek Environmental Inc*., Case No. 23-30099, the United States Bankruptcy Court for the Western District of North Carolina entered an Order Recognizing Canadian Proceeding as Foreign Main Proceeding and Granting Related Relief (the "Recognition Order"). On April 1, 2023, fifteen days after entry of the Recognition Order, Plaintiff filed in this Court "Plaintiff MVP's Appeal of the Western District of North Carolina Bankruptcy Court's Order Granting Recognition of Maratek Environmental, Inc.'s Canadian Proposal Approval Order (the "Appeal"), (Doc. No. 49), asking this Court to review and reverse the Recognition Order.

In response, Defendant filed the pending motion to strike, or, in the alternative, to dismiss the Appeal on the grounds that it is untimely under Bankruptcy Rule 8002(a), which requires an appeal to be filed within 14 days. The motion has been fully briefed and is ripe to be decided.

## III.     DISCUSSION

Bankruptcy Rule 8003(a) provides:

> Rule 8003 Appeal as of Right—How Taken; Docketing the Appeal
> (a) Filing the Notice of Appeal
> (1) In General. An appeal from a judgment, order, or decree of a bankruptcy court to a district court or BAP under 28 U.S.C. § 158(a)(1) or (a)(2) may be taken only by filing a notice of appeal with the bankruptcy clerk within the time allowed by Rule 8002.

In turn, Bankruptcy Rule 8002 requires that an appeal from a bankruptcy court's order must be filed within fourteen days. *See* Fed. R. Bankr. P. 8002(a). There is no dispute that the Appeal was filed (in the District Court rather than the Bankruptcy Court) outside the fourteen day period. *See* Doc. No. 49 (Appeal filed April 1, 2023, fifteen days after the Recognition Order was entered on March 17, 2023).

Bankruptcy Rule 8002(a)'s notice of appeal deadline is considered to be jurisdictional, such that the failure to file a timely notice of appeal deprives this Court of jurisdiction to review the bankruptcy court's order or judgment. *See In re Wirth- Strahler & Son, Inc.*, 958 F.2d 370 (4th Cir. 1992) ("This court declines to entertain this appeal due to appellant's failure to file a timely notice of appeal of the bankruptcy court's ruling."); *In re Thiel*, 2015 WL 773401, at *2 (W.D.N.C. Feb. 24, 2015), aff'd, 627 F. App'x 272 (4th Cir. 2016) ("The critical act, therefore, is the timely filing of a notice of appeal particularly identifying the order appealed from. 'This rule is jurisdictional and must be strictly construed.' *In re Starcher*, 255 B.R. 292, 293 (S.D.W.Va. 2000) (citing *Smith v. Dairymen, Inc.*, 790 F.2d 1107 (4th Cir. 1986))."); *In re Reimann*, 2003 WL 23531791, at *1 (E.D.N.C. Nov. 14, 2003), aff'd, 89 F. App'x 850 (4th Cir. 2004) ("Because a notice of appeal was not timely filed under Rule 8002(a), this court is without jurisdiction to hear any appeal."); *Leliever v. Ward*, 2013 WL 1891289, at *2 (W.D.N.C. May 6, 2013) ("Therefore, this Court lacks jurisdiction to consider Appellant's Appeal and the appeal must be dismissed as untimely…"); *In re Hirwit,* 970 F.2d 709, 710 (10th Cir. 1994) (appellate jurisdiction over challenge to bankruptcy ruling lacking where notice filed one day late).

Plaintiff argues that the Court should weigh the equities and the absence of prejudice to Defendant and find good cause to excuse Plaintiff's failure to file its Appeal within the allowed period of time. However, as noted above, this Court lacks jurisdiction over an untimely appeal and

3

any arguments that the appellate filing deadline should be extended or excused must be made to the Bankruptcy Court. *See In re Budd*, 589 B.R. 1, 5 n.3 (D.D.C. 2018) (only the bankruptcy court may extend time to appeal) (citing *Netzer v. Office of Lawyer Regulation*, 851 F.3d 647, 649 (7th Cir. 2017) ("even if he had [filed a motion for extension] in time, still the power to decide [the motion] would have belonged to the bankruptcy judge, not to the district judge or the court of appeals"); *In re Golden*, 2018 WL 6601615, at *3 (S.D. Cal. Dec. 17, 2018) ("Appellant's request for an extension of time to file her notice of appeal must be made to the bankruptcy court, not this Court.").

In sum, Plaintiff's Appeal was untimely, thereby denying this Court jurisdiction over the appeal, which must now be stricken and dismissed as requested by Defendant.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant Maratek's Motion to Strike, or, in the Alternative, to Dismiss MVP Enterprises, LLC's Brief (Doc. No. 50) is **GRANTED**;

2. The Clerk is directed to strike "Plaintiff MVP's Appeal of the Western District of North Carolina Bankruptcy Court's Order Granting Recognition of Maratek Environmental, Inc.'s Canadian Proposal Approval Order, (Doc. No. 49) and **DISMISS** the appeal.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 24, 2023

Kenneth D. Bell
United States District Judge

4

Case 5:21-cv-00138-KDB-SCR   Document 54   Filed 05/25/23   Page 4 of 4